McKinney, J.
delivered the opinion of the court.
From the proof in the record in this 'case, it appears, that the plaintiff, Reynolds, was the holder of a bill single for one hundred and fifty dollars, executed to him by one Samuel Lynes, deceased, of vvhose estate the defendant, Johnson, was executor. It further appears, that a-suit in equity had been brought by said executor in the Chancery Court at Clarksville against the legatees of said estate for the purpose of adjusting and settling the executor’s accounts, and the business of said estate.
And at the September term, 1845, before a final decree was pronounced in said cause, it was agreed between the legatees, through their counsel, and the executor and said Reynolds, in proper person, that the executor should receive a credit in the master’s report for the amount of said bill single due to Reynolds,, as if the money had been actually paid thereon, and that the executor would settle it with Reynolds, — meaning, as the witness understood *445 it, “ that he would pay the amount of the note to Reynolds.” This was agreed upon in the presence and hearing of all the parties; and accordingly, in the final decree, Johnson, the exechtor, was credited with the fail amount of said bill single and interest due thereon. It further appears from the proof, that the executor, had qualified more than two years before said agreement, by which, in consideration of having received a credit for the amount of said bill single, he assumed to pay the amount due thereon to the plaintiff Reynolds.
The bill single was filed with the master, as a voucher of said executor. This action of assumpsit, is brought to recover the amount due upon the bill single, pursuant to the foregoing agreement — the defendant having failed to perform his promise.
His Honor, the circuit judge, instructéd the jury, in substance, that if it appeared, that the right of.action upon the said bill single, was barréd by the statute, limiting the time for bringing the suits against executors and administrators, (1798, chap. 23, sec. 4,) at the time the foregoing , agreement was entered into, that the promise of the executor would not obviate the effect of the statute, and the promise would be void for want 'of consideration.
The jury found a verdict for the defendant, and a new trial having been refused, the plaintiff appealed in error to this court.
We think the charge of the circuit judge is clearly erroneous. The defendant cannot be heard in this action, to allege as a ground of defence, that the right of action, upon the bill single was barred, because not sued upon within two years, — this is wholly irrelevant. The legatees, whose interests were to be affed ed by the arrangement, and for whose protection the statute was intended, agreed *446 in effect, as-they well might do, to a waiver of the benefit of the statute, and that the debt should be paid, and, to this end left a fund sufficient for the purpose in the hands of the executor, which he promised to pay over to the plaintiff. This was money had and received to the plaintiff’s use, which, upon the plainest principles of law, he is bound to account for.
It is clear that the legatees can set up no claim to this fund against the executor, because the arrangement was by their voluntary agreement, as appears from the record, by which they are estopped.
The judgment of the Circuit Court will be reversed, and the case be remanded for a new trial.